UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **PATRICK JOYCE** **PLAINTIFF** v. **THE UPPER CRUST, LLC, JORDAN TOBINS,** **DEFENDANTS** | CIVIL ACTION NO. JURY DEMANDED |

CIVIL COMPLAINT

I. INTRODUCTION

1. This is an action brought under federal and state statutes and state common law for illegal retaliation against Plaintiff for engaging in protected activity including reporting wage and hour violations to the Federal Department of Labor and to Defendants and for threats against Plaintiff's life. As set forth below, the plaintiff worked as an Operations Manager for The Upper Crust. He was constructively terminated after reporting the Defendants' illegal practice of taking back monies earned, due and awarded to Upper Crust employees by the Department of Labor, following an investigation. Plaintiff alleges that Defendants, The Upper Crust and its principal owner, Jordan Tobins violated the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), M.G.L. c. 149 §148A, M. G. L. c. 12 § 11I, and are also liable under Massachusetts common law for Defamation.

In this action, Plaintiff now seeks, back pay, front pay, lost benefits, emotional distress damages, punitive damages, attorneys' fees, and costs, all as provided for by law.

## II.   PARTIES

2. Plaintiff Patrick Joyce is an adult resident of Brighton, Massachusetts. Prior to his termination, Mr. Joyce was employed as an Operations manager at The Upper Crust, LLC.

3. Defendant The Upper Crust, LLC ("The Upper Crust") is a Massachusetts limited liability corporation that operates multiple restaurants throughout Massachusetts, including locations in Boston, Brookline, Waltham, Charlestown, Cambridge, Watertown, Wellesley, Hingham, Lexington and Plymouth.

4. Defendant Jordan Tobins is an adult resident of Boston, Massachusetts, who owns and operates The Upper Crust.

## III.   STATEMENT OF FACTS

5. Mr. Joyce began working The Upper Crust on or about late 2003, early 2004 as a counter person at the Brookline location.

6. On or about 2007 Mr. Joyce became the Operations Manager, with oversight responsibilities for five stores within The Upper Crust chain.

7. In 2008, the United States Department of Labor undertook an investigation of The Upper Crust's wage and hour practices.

8. In or around August 2009, as a result of the department of labor's investigation The Upper Crust paid employees back wages.

9. Following these payments however, Mr. Tobins told employees that the money paid back was The Upper Crust's money and they would have to pay it back if

they wanted to continue working for The Upper Crust.

10. Employees who chose to pay back the money in order to keep their jobs were working in excess of 70 hours per week but were not being paid overtime. They were being paid a flat rate of $455 per week.

11. Employees complained of this unfair treatment to Mr. Joyce and Mr. Joyce brought the complaints forward several times to Mr. Tobin's partner Brendan Higgins as well as the General Manager, Barry Proctor.

12. When it was clear that nothing was going to be done to rectify the situation, Mr. Joyce, in or about January 2010, contacted the Federal Department of Labor and detailed what he felt were illegal and or unethical practices on the part of Mr. Tobins and The Upper Crust.

13. As a result of Mr. Joyce's internal complaints to Mr. Higgins as well as his external complaint to the Federal Department of Labor, Mr. Joyce was retaliated against by Mr.Tobins.

14. On May 18, 2010 Mr. Tobins alleged that Mr. Joyce was involved in a robbery that prior night of the Commonwealth Avenue location of The Upper Crust.

15. Immediately following the accusation, coupled with a tirade of obscenities directed at Mr. Joyce by Mr. Tobins, Mr. Joyce gave his resignation.

16. Upon receiving his final paycheck Mr. Joyce, realizing that the check was short by several hundred dollars, contacted Mr. Tobins requesting the total monies due him. Mr. Joyce made it clear that if he did not receive the total amount due him, he would report this violation to the Department of Labor.

17. Mr. Tobins threatened Mr. Joyce by stating " Patrick if you go to the

Department of Labor I will (expletive) kill you. I will tell your fiancé that you are cheating on her and I will ruin your life."

18. In or around July 2010 following an article in the Boston Globe regarding alleged labor violations by The Upper Crust, Mr. Tobins sent threatening text messages to Mr. Joyce.

19. Following these additional threats by Mr. Tobins, Mr. Joyce filed a formal complaint against Mr. Tobins with the Boston Police Department, D-14.

20. Mr. Joyce was afraid for his safety due to Mr. Tobins' threats.

21. Mr. Tobins continues to make false allegations regarding Mr. Joyce to current and former The Upper Crust employees and associates, which have caused emotional distress and other damages to Mr. Joyce.

## COUNT I

## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3)

Defendants' conduct, as set forth above, in retaliating against, constructively terminating Patrick Joyce and continuing to threaten him due to his complaints to the Department of Labor, constitutes retaliation in violation of Federal Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

## COUNT II

## MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148A

Defendants' conduct, as set forth above, in retaliating against, constructively terminating Patrick Joyce and continuing to threaten him due to his complaints to the Department of Labor, constitutes retaliation in violation of M.G.L. c. 149 § 148A.

## COUNT III

MASSACHUSETTS GENERAL LAW CHAPTER 12 § 11I

Defendants' conduct, as set forth above, using threats and intimidation in an effort to deny Mr. Joyce his right to speak freely regarding Defendants' legal and ethical violations violates his Massachusetts civil rights.

## COUNT III

DEFAMATION

Defendants' conduct, as set forth above, in accusing Mr. Joyce of the crime of robbery and publishing this and other falsehoods with reckless disregard, has placed Mr. Joyce in a position whereby reasonable people could view him with contempt, disgrace and or ridicule. This conduct has caused Mr. Joyce emotional distress and other damages.

## JURY DEMAND

Plaintiff requests a trial by jury on his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Back pay

2. Front pay

3. Lost benefits

4. Emotional distress damages

5. Punitive damages

6. Attorney's fees and costs

7. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

Patrick Joyce

By his attorney,

/s/ Elayne N. Alanis

_____
Elayne N. Alanis, BBO #660365
10 Tremont Street, 3rd Floor
Boston, MA 02108
(617) 263-1203

Dated:   December 20, 2010